Ronald G. BYERS, Plaintiff,

v.

Michael R. SHEETS, et al., Defendants.

No. 84–0294–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

July 9, 1986.

Robert G. Fisher, Independence, Mo., for plaintiff.

Robert G. Ulrich, U.S. Atty., Larry D. Coleman, Asst. U.S. Atty., Kansas City, Mo., for defendants.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

Plaintiff requests that the Court determine which of the defendants, Michael R. Sheets, Linda M. Sheets, Donald R. Geib, Cheryl Lynn Geib or the United States, have an interest in the surplus from a foreclosure. Plaintiff seeks to be relieved of all liability to defendants and to be compensated out of the fund for his attorney's fees and expenses arising out of this action.

Only defendant United States has answered plaintiff's Petition in Interpleader.

Cross-motions for summary judgment have been filed by plaintiff and by the United States. There is no genuine issue as to any material fact. Therefore, summary judgment is appropriate. Rule 56(c), Federal Rules of Civil Procedure.

*Facts*

On November 21, 1983, plaintiff, successor trustee under a deed of trust securing real estate owned by defendants Donald R. Geib and Cheryl Lynn Geib (defendants Geib), husband and wife, conducted a foreclosure sale and a surplus of $4,009.24 resulted. On November 22, 1983, defendant United States served plaintiff with a notice of levy for $3,380.73, demanding that the surplus be applied to the payment of tax liens against defendants Geib. In a letter dated January 6, 1983 (really January 6, 1984), defendants Michael R. Sheets and Linda M. Sheets (defendants Sheets), husband and wife, claimed an interest in the surplus, alleging that they had paid off a first mortgage on the subject property.

The tax liens asserted by the United States arose from Internal Revenue Service assessments against defendants Geib for income tax liability for the years ending December 31, 1981, and December 31, 1982. The first assessment was made on September 20, 1982, for $1,134.64 and the second on May 30, 1983, for $1,817.51.

On January 30, 1984, plaintiff filed his petition in interpleader in the Circuit Court of Jackson County, Missouri. On March 2, 1984, defendant United States removed the case to this Court. On October 24, 1984, plaintiff was ordered to pay the surplus into Court. Plaintiff has done so.

As of October 31, 1985, accrued interest and penalties increased the amount of the United States' tax lien to $4,479.16 which exceeds the interpleaded fund plus interest.

*Discussion*

Defendant United States is the only claimant to this fund. Defendant United States does not object to the discharge of plaintiff from any liability. The sole dispute is whether plaintiff, as stakeholder, is entitled to payment from the fund of his expenses and a reasonable attorney's fee for bringing this interpleader action.

■ As a general rule, the stakeholder who brings an interpleader action is entitled to the award of attorney's fees and

expenses. *Murphy v. Travelers Insurance Co.*, 534 F.2d 1155, 1164 (5th Cir.1976).

However, here the interpleaded fund is not large enough to pay both the entire amount of the assessments plus accrued interest and penalties and the amount of plaintiff's attorney's fees and expenses in bringing this interpleader action. Therefore, the first issue that must be resolved is whether the tax liens have priority over plaintiff's claim for expenses and attorney's fees in bringing this case.

The assessments against defendants Geib for unpaid income taxes for the years 1981 and 1982 automatically imposed federal tax liens upon all of the Geibs' property under 26 U.S.C. §§ 6321 and 6322. *Shawnee State Bank v. United States*, 735 F.2d 308, 309 (8th Cir.1984).

Title 26 U.S.C. § 6321 provides in pertinent part that a lien for taxes in favor of the United States attaches to "all property and rights to property, whether real or personal, belonging to such person." The property subject to the lien includes after-acquired property. *Shawnee State Bank*, 735 F.2d at 310.

■ Whether the taxpayer has "property" or "rights to property" to which a federal lien for unpaid taxes can attach is determined by state law. *George W. Ultch Lumber Co. v. Hall Plastering, Inc.*, 477 F.Supp. 1060, 1069 (W.D. Mo.1979).

■ At the time of the foreclosure sale, defendants Geib were the record owners and mortgagees of the real estate. As such, defendants Geib were entitled to the surplus remaining after payment of indebtedness secured by the deed of trust and expenses of the foreclosure sale. *Hamrick v. Lasky*, 107 S.W.2d 201, 203 (Mo.App. 1937). The proceeds of a foreclosure sale have been recognized as a property interest against which a federal tax lien will attach. *United States v. City of New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Therefore, the § 6321 tax liens resulting from the assessments against defendants Geib attached to the surplus from the fore-closure sale at the time of the foreclosure sale on November 21, 1983.

Here, plaintiff asserts that a Notice of Lien was never served on plaintiff or properly recorded in accordance with 26 U.S.C. § 6323(a) and § 6323(f)(1)(A)(ii). Filing of the lien was not necessary because plaintiff is not one of the parties covered by § 6323(a).

Furthermore, plaintiff argues that the Notice of Lien was not filed thirty days or more before the foreclosure which created the interpleaded funds. Plaintiff has not demonstrated that there is any requirement to file a Notice of Lien thirty days or more before foreclosure in order to reach the overage due the owner of the property.

■ "[T]he Internal Revenue Code of 1954, 26 U.S.C. §§ 6321, 6322 (1982), prohibits an award of attorney fees where the effect of such an award would be to diminish the amount recovered by the United States under a prior federal tax lien." *Millers Mutual Insurance Association of Illinois v. Wassall*, 738 F.2d 302, 303 (8th Cir.1984). In *Millers Mutual*, the trial court set aside to the stakeholder an amount for attorney's fees and costs and thereby reduced the amount recovered by the United States under its prior tax lien. The Court of Appeals reversed.

> In the present case, it is undisputed that the federal tax liens attached prior to the commencement of the interpleader action and thus had priority over any inchoate claim for attorney fees arising out of that action. The award of $1,590 in attorney fees and costs to Millers Mutual was therefore in error, as the effect of this award was to reduce the amount recovered by the United States under its paramount federal tax liens.

*Id.*

Here, the § 6321 tax liens resulting from the assessments attached to plaintiff's interest in the proceeds at the time of the foreclosure sale which was well before commencement of this interpleader action. Therefore, if the amount of the tax liens exceeds the amount of the interpleaded

fund, plaintiff's claim for attorney's fees must be denied.

Plaintiff argues that the amount of the lien cannot exceed $3,380.73, the amount shown on the Notice of Levy served on plaintiff on November 21, 1985.

Section 6321 provides that a tax lien includes "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto...." In *Peterson v. United States*, 511 F.Supp. 250, 256 (D. Utah 1981), the Court concluded that "the federal tax lien secures the taxpayer's obligation for the actual amount owing *as it accumulates* and *not* just the amount recorded in the notice...." (Emphasis in original.) Therefore, the United States' tax lien includes the amount originally assessed plus interest and penalties accruing since the assessment dates.

The assessments made by the United States ($1,134.64 on September 20, 1982, and $1,817.51 on May 30, 1983) total $2,952.15. In addition, as of October 31, 1985, the United States claims an additional $1,527.01 in penalties and accrued interest. As acknowledged by plaintiff in its brief filed on November 1, 1985, the total claim of the United States ($4,479.16) exceeds the interpleaded surplus paid into Court.

### Conclusion

Because the tax liens arising from the assessments against plaintiff attached to the surplus arising out of the foreclosure sale of the Geib's real estate before this interpleader case was commenced, the tax liens have priority over plaintiff's claims to attorney's fees and expenses arising out of this interpleader action. Because the amount of the tax liens exceeds the amount of the interpleaded fund, an award of attorney's fees to plaintiff would unlawfully diminish the amount recovered by the United States under its prior federal tax liens.

Therefore, it is hereby ORDERED that:

1) plaintiff's motion for summary judgment is granted to the extent that plaintiff shall be discharged from any and all liability to defendants;

2) plaintiff's request for the award of attorney's fees and expenses out of the interpleaded fund is denied; and

3) the interpleaded fund paid into Court shall be paid in its entirety to the United States.